IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| THOMAS WYNE JOLLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 314-043 |
| DODGE COUNTY, | ) ) ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Dodge County Jail ("DCJ") in Eastman, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants.[1] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE COMPLAINT**

   A.  **BACKGROUND**

The only Defendant named by Plaintiff in his complaint is Dodge County. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

---

[1]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

Plaintiff alleges that on May 14, 2014, he slipped and fell in DCJ on water on the dorm floor that accumulated through a leaking sky light. (Id. at 5.) Unable to catch himself when his feet came out from under him, Plaintiff fell to the floor. (Id.) Plaintiff remained flat on the floor for approximately forty-five minutes before a nurse came, but the nurse offered no help. (Id.) Instead, in a disrespectful manner, the nurse told him to get up because she was about to go home, and two officers then forcefully made Plaintiff sit up without checking to see if he had any injuries. (Id.) There is no infirmary at DCJ, but the staff refused to take Plaintiff to the hospital after his fall. (Id.) Since the fall, Plaintiff has had passing migraines, and soreness in his body causes him to have to lean to the right when he walks.[2] (Id.) Despite the fall, Plaintiff is assigned to a top bunk.

As relief, Plaintiff requests that a safety inspection be conducted at DCJ, that x-rays, MRIs, and cat-scans be performed on his entire body, and that he be given restitution for "any of my medical bills and any concerns that may pop up from this incident." (Id. at 6.)

**B.  DISCUSSION**

    **1.  Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d

---

[2]As Plaintiff signed the complaint five days after the events described in his complaint,

1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the- defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2. **Plaintiff Fails to State a Claim against Dodge County.**

Plaintiff's allegations are insufficient to state a claim against Defendant Dodge County.

---

he appears to have experienced these symptoms for less than one week.

First, Plaintiff fails to even mention Dodge County in his statement of claim, and the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Moreover, to impose § 1983 liability on a county, Plaintiff must show three things: (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) that the policy or custom caused the violation. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Here, as Plaintiff does not even name the county in his statement of claim, he does not make any allegations against the county that would satisfy this three-part test.

### 3. Plaintiff Fails to State a Claim against the Dodge County Jail.

To the extent Plaintiff may have intended to sue DCJ, that claim also would fail because the jail is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

A county detention center is not an entity capable of being sued for violation of § 1983. E.g., Smith v. Chatham County Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (finding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors and Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, in accordance with these decisions, the Dodge County Jail is not subject to liability for any of the allegations in Plaintiff's complaint.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference to a Serious Medical Need.

Finally, even if Plaintiff's complaint were not subject to dismissal for the above reasons, such that he had asserted his claims against appropriate individuals, he has failed to state a viable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.[3]

As set forth above, Plaintiff contends that he received inadequate medical treatment because a nurse at the jail did not come to check on him until forty-five minutes after he slipped and fell, and even then, he did not receive any treatment. (See generally doc. no. 1.) He does not allege any injury other than general soreness and migraine headaches that "come and go" that he

---

[3]The complaint is not clear as to whether Plaintiff is in the DCJ as a pretrial detainee or a convicted prisoner. Although technically the Fourteenth Amendment would apply to a pretrial detainee, the lack of information about Plaintiff's status need not delay the Court because the standards applied under the Eighth and Fourteenth Amendments are identical. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

appears to presume are a result of his slip and fall. (Id. at 5.) However, to state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

In addition, if Plaintiff is attempting to allege that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of delay in medical treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious

medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff has failed to satisfy either the objective or subjective components of a deliberate indifference claim. First, migraine headaches that "come and go" or general soreness shortly after a slip and fall do not amount to medical needs that a lay person would easily recognize as requiring a doctor's attention. See Goebert, 510 F.3d at 1326. Indeed, Plaintiff does not allege any injury that poses a serious and imminent risk to his health, but rather seeks relief for any concerns that may "pop up" as a result of his slip and fall. (See doc. no. 1, p. 6.) Plaintiff does not even identify any particular body part that may have been injured, but instead requests that x-rays, MRIs, and cat-scans be performed on his entire body. (Id.) Likewise, his concerns about problems that may "pop up" in the future does not show that any delay or lack of treatment had any detrimental effect on his health. See Hill, 40 F.3d at 1188. Moreover, Plaintiff does not allege that any of the staff members who saw him after he fell were subjectively aware of a serious risk of harm to Plaintiff. At best, he alleges negligence in moving him without confirming there was nothing wrong with him, but negligence will not suffice. Bozeman v.

Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

Thus, Plaintiff's allegations fail to satisfy either the objective or subjective components of a deliberate indifference claim, and therefore his complaint fails to state a claim upon which relief can be granted, even if he had asserted his claim against the appropriate individuals.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of September, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA